195 So.2d 758 (1967)
William H. HACKETT, Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
No. 1920.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1967.
Rehearing Denied March 8, 1967.
Writ Refused May 1, 1967.
Cashio & Molloy, by Neal D. Molloy, Maringouin, for plaintiff-appellant.
Dubuisson & Dubuisson, by James Guglielmo, Opelousas, for defendant-appellee.
Before TATE, FRUGE and HOOD, JJ.
FRUGE, Judge.
The plaintiff filed suit in the district court against the workmen's compensation insurer of his former employer, seeking an award of total and permanent disability under the provisions of our Workmen's Compensation Law. The trial judge, after finding that the plaintiff was totally disabled by an emotional or psychological disorder, held that the plaintiff could not recover under our statute because the evidence negated any possibility of physical trauma. From this adverse ruling the plaintiff has appealed to this court, urging that the trial judge erred in failing to grant an award of total and permanent disability.
On March 27, 1962, the plaintiff, his employer, Mr. O. D. Hill, and two other employees were removing the casings from an abandoned oil well when a dynamite charge which they were preparing to lower into the well exploded prematurely, killing Mr. Hill and one employee, and seriously injuring the second. The two men who were killed were actually handling the charge itself and were only a few feet away when it exploded. The other employee who was seriously injured was 15 to 20 feet above the ground in the derrick and *759 was directly above the charge when it exploded. At this same time, the plaintiff was some 80 feet from the well, walking away from the hole and toward a winch which was to lower the charge of dynamite into the well.
Concededly, the plaintiff suffered no physical trauma or injury of any sort in the blast. Some few months later, however, the record shows that Mr. Hackett developed a "traumatic psychosis" and was voluntarily committed as being mentally ill to the Central Louisiana State Hospital at Pineville. Following his release from this institution, the plaintiff continued to undergo psychiatric treatment and has, in the opinion of his psychiatrist, shown some improvement.
Based on medical and psychiatric evaluation of the plaintiff's condition, the trial judge concluded (and we think rightly so) that the plaintiff was permanently and totally disabled within the meaning of our Workmen's Compensation Law. As outlined above, however, no recovery was allowed the plaintiff since there was no evidence of physical injury or trauma.
Under our Workmen's Compensation Law an employee, in order to be entitled to workmen's compensation, must receive a personal injury as the result of an accident. Construing definitions of R.S. 23:1021(1) and (7)[1], our Supreme Court has held that psychic trauma producing disability is not a compensable accident within the meaning of our statute. Danziger v. Employers Mut. Liability Ins. Co. of Wisconsin, 245 La. 33, 156 So.2d 468 (1963).
Therefore, despite the forceful and logical arguments of plaintiff-appellant, we are bound by this ruling to dismiss as non-compensable the present plaintiff's undoubted disability resulting from a work-connected psychic trauma. See also The Work of the Louisiana Appellate Courts for the 1962-1963 Term, Workmen's Compensation, 24 La.L.Rev. 244, 250; also Malone, Louisiana Workmen's Compensation Law and Practice, sec. 220 (1964 Pocket Part).
For the foregoing reasons, the judgment of the district court is hereby affirmed at appellant's cost.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] R.S. 23:1021 provides: "(1) `Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury. * * * (7) `Injury' and `Personal Injuries' includes only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted."